UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**PAUL SIBERT,**

       Plaintiff,                Case No.

**v.**

                                          Hon.

**SUGAR PLUM EVENT STAFFING LLC,**
and **SYLVANA BOGUSKI**

       Defendants.

---

**GOLD STAR LAW, P.C.**
**Maia J. Braun (P40533)**
**Caitlin E. Malhiot (P76606)**
Attorneys for Plaintiffs
2701 Troy Center Dr., Ste. 400
Troy, Michigan 48084
(248) 275-5200
*mjohnson@goldstarlaw.com*
*cmalhiot@goldstarlaw.com*

---

# COMPLAINT

Plaintiff, Paul Sibert, through his attorneys, Gold Star Law, P.C., for his

Complaint states:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff, Paul Sibert ("Sibert"), is an individual who resides in Bloomfield Hills, Oakland County, Michigan.

2. Defendant, Sugar Plum Event Staffing LLC ("Sugar Plum"), is a domestic limited liability company with a registered office in Canton, Wayne County, Michigan.

3. Defendant, Sylvana Boguski ("Boguski") is the resident agent and owner of Sugar Plum and is an individual regularly conducting business within this Court's jurisdiction.

4. This action arises under the Fair Labor Standards Act of 1938 ("FLSA") 29 U.S.C. 201, *et seq.*, and under the Michigan Workforce Opportunity Wage Act of 2014, including the Improved Workforce Opportunity Wage Act of 2018, ("WOWA"), and jurisdiction of this Court in invoked pursuant to 28 U.S.C. 1331 and 28 U.S.C. 1367(b).

5. Defendants reside within this judicial district and the claims asserted in the action arose within this district. Venue is proper in this Court pursuant to 28 U.S.C. 1391(b).

## FACTUAL ALLEGATIONS

6. Sugar Plum owns and operates a staffing company based in Canton, Michigan.

7. Boguski is the resident agent and owner of Sugar Plum.

8. Upon information and belief, Boguski is responsible, in whole or in part, for determining Sugar Plum's pay practices.

9. Sibert was employed by Defendants from approximately June 2018 until December 11, 2020 and was most recently employed as a sanitation lead.

10. Sibert regularly worked in excess of forty hours per week, and often worked 72-80 hours per week.

11. Sibert was paid at a rate of $25.00 per hour for all hours worked.

12. Sibert was not paid any overtime premium for hours worked in excess of forty per week.

13. Sibert was not employed in a managerial or administrative capacity for Defendants.

14. Sibert was not employed by Defendants in any sort of position that would fit any of the exemptions to the overtime provisions of the FLSA or WOWA.

15. Defendants did not compensate Sibert at a rate of 1 ½ times his regular rate of pay for hours worked in excess of 40 per week.

16. Pursuant to the FLSA and WOWA, Defendants were required to compensate Sibert at a rate of 1 ½ times his regular rate of pay for hours worked in excess of 40 per week.

17. Sibert was not, at any time during his employment, exempt from the overtime pay requirements of the FLSA or WOWA.

18. All hours worked by Sibert, including overtime hours, were worked at the direction and with the sufferance of Defendants.

19. Defendants' failure to pay overtime was willful, with knowledge, or with reckless disregard of the statutory overtime requirements.

## COUNT I -
## VIOLATION OF THE FAIR LABOR STANDARDS ACT OF 1938

20. Plaintiff incorporates the foregoing allegations of this Complaint as if fully stated herein.

21. Defendants are "employers" within the coverage of the FLSA. 29 U.S.C. 203(d).

22. Plaintiff is an "employee" within the coverage of the FLSA. 29 U.S.C. 203(e).

23. Defendants had revenues in excess of $500,000.00 per year during the time of Plaintiffs' employment with Defendants. 29 U.S.C. 203(s).

24. Plaintiff's work involved interstate commerce to the extent that he, as an individual, is an employee within the coverage of the FLSA.

25. Defendants failed to pay Plaintiff at 1 ½ times his regular rate of pay for all hours worked in excess of 40 hours per week, in violation of the FLSA. 29 U.S.C. 207(a).

26. An employer who violates the FLSA is liable to the employee for the difference between the amount paid to the employee and the amount that, but for

the violation, would have been paid, plus an additional equal amount as liquidated damages and reasonable attorney fees. 29 U.S.C. 216(b).

27. As a direct and proximate cause of Defendants' violation of the FLSA, Plaintiff has sustained damages in the form of unpaid overtime compensation.

## COUNT II -
## VIOLATION OF THE WORKFORCE OPPORTUNITY WAGE ACT

28. Plaintiff incorporates the allegations in the foregoing paragraphs of this Complaint as if fully stated herein.

29. Plaintiff is an "employee" within the coverage of the WOWA.

30. Defendants are "employers" within the coverage of WOWA.

31. Pursuant to the WOWA, Defendants are required to pay Plaintiff at a rate of 1 ½ times his regular rate of pay for all hours worked in excess of 40 hours per week.

32. Defendants failed to pay Plaintiff at least 1 ½ times his regular rate of pay for all hours worked in excess of 40 hours per week, in violation of Section 4a of the WOWA.

33. Pursuant to Section 9 of the WOWA, an employer who violates the WOWA is liable to the employee for the difference between the amount paid to the employee and the amount that, but for the violation, would have been paid, plus an additional equal amount as liquidated damages and reasonable attorney fees.

**WHEREFORE**, Plaintiff, Paul Sibert, requests that the Court grant judgment in Plaintiff's favor and against Defendants, jointly and severally, in an amount to be determined at trial, together with Plaintiff's costs and reasonable attorney fees incurred herein, and such other relief as the Court deems just and equitable.

          Respectfully submitted,

          **GOLD STAR LAW, P.C.**

          /s/ *Maia J. Braun*
          **GOLD STAR LAW, P.C.**
          **Maia J. Braun (P40533)**
          **Caitlin E. Malhiot (P76606)**
          Attorneys for Plaintiffs
          2701 Troy Center Dr., Ste. 400
          Troy, Michigan 48084
          (248) 275-5200
          *mjohnson@goldstarlaw.com*
          *cmalhiot@goldstarlaw.com*

Dated: May 28, 2021